The People ex rel. Moore agt. Banfield and Banister.

## SUPREME COURT.

### THE PEOPLE ex rel. MOORE agt. BANFIELD AND BANISTER.

The *inhabitants* of a school district have no power to appoint and invest a building committee with authority to advertise, or make a contract for building a school house, or to do any other act binding upon the *trustees*, without their consent.

The statute prescribes the powers and duties both of the inhabitants and the trustees. The *inhabitants* have the power to levy a tax on the taxable inhabitants for the purpose of purchasing or leasing a suitable site for a school house, and for building it, or for hiring or purchasing a school house, and for furnishing and keeping it in repair, and here their power ends.

The *trustees* are then to purchase or lease the site, build the school house, &c.

*Chemung Special Term, April* 1852. The relator and the defendants were trustees of school district No. 2, in Erin. The inhabitants of that district, as appears by the relator's statement of the facts, at a regular school meeting held on the 28th of October 1851, resolved to build a school house, and defray the expenses thereof by a tax upon the district; a building committee was appointed by the meeting with power to advertise the letting of the job of building the school house to the lowest bidder; that it was let by a portion of the committee with the assent of the others, for $185. At a subsequent meeting of the inhabitants, held on the 8th of December 1851, a resolution in confirmation of the acts of the building committee was passed to sell the building of the house to Joseph Woolever for $185, that being the sum bid by him for building of the same. The relator, as one of the trustees, called upon the defendants to unite with him and as trustees make out a tax list and warrant, for the purpose of raising the funds necessary to pay for building the school house at the price for which it had been let; they declined, and now a mandamus is asked to compel them to do so. The fact that a building committee was appointed by the inhabitants with power to advertise for the letting of the contract for building the house was denied by the defendants, as was also the statement of the relator, that he requested them to unite with him in making a tax list and warrant. They also denied the

introduction and passage of the resolution of the 8th of December 1851, although they admit that such a resolution appears upon the records of the proceedings of the inhabitants of said district, kept by the clerk thereof.

HART & VAN DERLYN *for the Motion.*

DUNN & PATTERSON, *Contra.*

H. GRAY, Justice.—Assuming the facts to be in all respects as stated by the relator, they are not sufficient to uphold this motion. The resolution of 28th October 1851, to build a house and raise the money to pay for it by tax, did not specify the amount to be raised. Whether this resolution invested the trustees with authority to contract for building the house, is not now necessary to be considered; if they had the power they did not exercise it, and hence no data is furnished fixing the amount for which a tax could be assessed, unless it has been done by the action of the building committee, or by the inhabitants at their meeting held on the 8th December last.

The statute conferring upon and regulating the powers of the inhabitants, and the powers and duties of trustees of school districts, has clearly defined the powers of the one and the powers and duties of the other. The inhabitants have the power to levy a tax on the taxable inhabitants of the district for the purpose of purchasing or leasing a suitable site for a school house, and for building or hiring or purchasing such school house and keeping the same in repair, and furnishing it with the necessary appendages (*Rand. Com. School System, p.* 111, § 62); this being done, their power in respect to providing a school house is at an end, and that of the trustees begin; having been provided under the power given to the inhabitants with the means, they are to purchase or lease the site designated by them for a school house, and build, hire or purchase one and keep it in repair, and furnish it with the necessary appendages (*id.* § 103). The inhabitants and trustees are alike dependent upon the statute for all the powers they can legally exercise; no power is given to the inhabitants to invest a building committee with authority to advertise for, or make a contract for building a school house, or to do any other act binding upon the trustees without their assent.

If, therefore, there was a building committee who acted in all respects as the relator has stated, their action was without legal authority, and was in no respect binding upon the trustees; and if the resolution of the 8th of December is as conclusive evidence of its verity as the counsel for the relator claims it to be, it does not strengthen this application; it clearly was not a resolution to levy a tax for the purpose of building a school house, or an amendment of the former resolution proposed and passed to limit the cost of the house, and thus limit the discretion of the trustees in the amount of their expenditure. It was a mere acceptance of Woolever's offer to build the house for $185; or, in other words, a contract with him to build a school house for that sum, so far as an offer and its acceptance could make it so, and nothing more. This clearly was not within the power conferred upon them by statute. If this resolution was ever passed by the inhabitants, they mistakenly assumed the exercise of a power not conferred upon them, but confided alone to the trustees. The motion must be denied with ten dollars costs.